UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABEL ZUNIGA-NAVARRO,<br><br>Defendant. | Case No. 25-mj-70164-MAG-1 (LB)<br><br>**ORDER REGARDING REMOVAL**<br><br>Re: ECF No. |

## INTRODUCTION

The defendant was convicted in the Western District of Texas of illegal reentry into the United States, in violation of 8 U.S.C. § 1326. A petition filed there charged him with violating the terms of his supervised release by reentering the United States illegally and committing new crimes here. The district court there issued a warrant. The defendant was arrested in this district.[1] Fed. R. Crim. P. 32(a)(1)(B). The issue is whether the warrant is valid. A warrant for a violation of supervised release is valid in the Ninth Circuit only if it is supported by sworn facts establishing probable cause. *United States v. Vargas-Amaya*, 389 F.3d 901, 904, 907 (9th Cir. 2004). The warrant here is invalid under *Vargas-Amaya* because the facts in the petition are unsworn. That said, the warrant

---

[1] Notice – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-mj-70164-MAG-1 (LB)

was issued in the Fifth Circuit. It is valid there. *United States v. Garcia-Avalino*, 444 F.3d 444, 447 (5th Cir. 2006). The parties have not addressed how the conflicts-of-law issue affects the court's ability to order removal on that valid warrant. The court thinks that removal is required because that court, not this court, has jurisdiction to conduct a revocation hearing. Fed. R. Crim. P. 32.1(a)(5). The court's role here is limited: conduct a preliminary hearing and, assuming that there is probable cause of a violation, transfer the defendant to the Western District of Texas. *Id.*

A related issue is that the district judge issued an order on February 14, 2025, granting an assistant United States attorney's motion to revoke this court's release order.[2] There is no release order. That said, the court there issued a warrant and ordered the defendant detained.

The Western District of Texas can cure any issue by issuing a warrant based on a sworn declaration establishing probable cause. If it does, then that warrant would be timely under the fugitive-tolling doctrine. The declaration also could establish the probable cause needed under Rule 32.1(a)(5)(A). The parties otherwise must submit supplemental briefing on the schedule set forth in the Conclusion. The court sets a further hearing on Wednesday, February 19, 2025, at 10:30 a.m., the next available date given the U.S. Marshal's cutoff of 4:00 p.m. for transport the next day.

### STATEMENT

The defendant was sentenced in the Western District of Texas to 108 months' imprisonment and three years' supervised release following his conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326. His three-year term of supervised release began on September 1, 2021, which means that the three years ordinarily would expire on August 31, 2024. Immigration officials removed him from the United States on October 15, 2021.[3]

The supervised-release conditions included (1) the mandatory condition that the defendant not commit another federal, state, or local crime, and (2) the following standard condition: "If the defendant is excluded, deported, or removed upon release on . . . supervised release, the term of

---

[2] Order – ECF No. 6 (granting Mot., No. 2:14-cr-00194-AM – ECF No. 74).
[3] Pet. – ECF No. 1 at 3; J. – ECF No. 3-1.

supervision shall be a non-reporting term . . . of supervised release. The defendant shall not illegally re-enter the United States. If the defendant lawfully reenters the United States during the term of . . . supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office."[4] The judgment lists all conditions of supervised release.[5] The sentencing court advised the defendant of the condition that he not return to the United States illegally.[6]

On June 25, 2024, within this three-year period, the Western District of Texas issued an arrest warrant based on the defendant's violation of the two conditions. U.S. Probation's petition sets forth the facts establishing the two violations, does not have a sworn declaration that the facts are true and correct, and is signed by two probation officers and a supervisory assistant U.S. attorney. The district judge assigned to the case thereafter entered this order: "The court orders . . . [t]he issuance of a warrant. Bond is set in the amount of $ <u>Detain</u> . . . ."[7]

The way it works in this district is that U.S. Probation submits a petition where the officer declares under penalty of perjury that the facts are true and correct, summarizes the facts about the violations, and concludes that the facts establish probable cause for the alleged violations of the conditions of supervision. The court approves the issuance of process with this recital: "Having considered the information set forth above, the court finds that there is probable cause to believe there has been a violation of the conditions of supervision and orders" a warrant or a summons.[8]

At the February 14 hearing, the probation officer said that most districts required sworn facts to support a probable-cause determination for a supervision violation. She identified the Western District of Texas as a district that did not. She did not identify any others. The court previously had suggested — because the government contended that the time period to seek a warrant was tolled because the defendant was a fugitive — that it would be possible for the Western District of Texas

---

[4] Pet. – ECF No. 1 at 3.

[5] J. – ECF No. 3-1 at 4–5.

[6] Tr. – ECF No. 5-1 at 27–28 (pp. 26:22–27:2).

[7] Pet. – ECF No. 1 at 3 (cleaned up and caps omitted).

[8] Pet., No. 3:23-cr-00192-CRB – ECF No. 3 at 2–4. The court judicially notices this public-record exemplar reflecting the district's forms. Fed. R. Evid. 201(b)(1)–(2).

to issue a curative warrant based on sworn facts. This district's probation offer said that the Western District rejected that solution because it had determined that its form was sufficient and, in any event, it would be a two-year process to change its form.[9] The defendant's counsel proffered that when she was a federal defender in the Southern District of California, the magistrate judges there routinely dismissed cases from the Western District charging violations of supervised release or probation for failure to comply with the Ninth Circuit's sworn-facts requirement.

The record has more about the defendant's returning to the United States illegally and committing another crime. The defendant was arrested on February 24, 2024, in San Francisco, for narcotics-related offenses (including possession for sale), and his return to the United States allegedly violated federal immigration laws. The state court released him on his own recognizance on March 13, 2024. Following his guilty plea to accessory after the fact, on May 20, 2024, he was sentenced to twelve days' imprisonment, which was suspended and replaced with two years' probation, which was supervised by San Francisco County Adult Probation. His booking card reflects his address as "Transient, residing in San Francisco, California."[10]

The probation officer in the Western District of Texas learned of the defendant's presence in the United States on June 18, 2024. The San Francisco Sheriff's Department informed him that the defendant was "undomiciled." The Western District probation officer spoke with the defendant's San Francisco County probation officer two or three times. The last time was on June 20, 2024. He told her then that he would be seeking a warrant for the defendant's arrest.[11] The San Francisco probation officer never heard back from the Western District probation officer. The defendant continued reporting to the San Francisco probation officer, who kept checking for a warrant and did not find one. Then, on November 13, 2024, supervision was transferred to Alameda County probation.[12] Defense counsel proffered that the public docket in Alameda County shows the

---

[9] There is a recording of the hearings. This account is from memory and may not be exact.

[10] Pet. – ECF No. 2 at 3 (cleaned up).

[11] Yeh Decl. – ECF No. 4-1 at 1–2 (¶¶ 2–4); Jaffe Decl. – ECF No. 3-2 at 2 (¶ 5).

[12] Jaffe Decl. – ECF No. 3-2 at 1–2 (¶¶ 2–9); Yeh Decl. – ECF NO. 4-1 at 2 (¶ 5).

defendant's address and his court appearances on December 23, 2024, and January 27, 2025.[13] The defendant was arrested on February 11, 2025, and made his initial appearance on February 12.[14]

On February 14, 2025, the U.S. Attorney in the Western District of Texas appealed this court's supposed release order on the ground that the Ninth Circuit's requirement for a sworn statement is not required in the Fifth Circuit.[15] There was no release order: at the February 14 detention hearing, the court said that it was evaluating the arguments and had not reached a decision. The district judge in the Western District granted the motion and ordered the defendant detained.[16]

### ANALYSIS

"The power of a court to revoke a term of supervised release for violation of a condition of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). A warrant under § 3583(i) must be supported by sworn facts that establish probable cause. *Vargas-Amaya*, 389 F.3d at 907. When a warrant is not based on sworn facts, a district court lacks jurisdiction to revoke a defendant's supervised release. *Id.* The Fifth Circuit does not require that a § 3583(i) warrant be based on sworn facts. *Garcia-Avalino*, 444 F.3d at 447.

The warrant here was based on unsworn allegations. In the Ninth Circuit, a sentencing court would lack jurisdiction to revoke a term of supervised release. *Vargas-Amaya*, 389 F.3d at 907. But in the Fifth Circuit, the district court would have jurisdiction: it issued a valid warrant and extended its jurisdiction as a result. *Garcia-Avalino*, 444 F.3d at 447; *cf. Vargos-Amaya*, 389 F.3d at 907 (a warrant is required by statute to extend supervision).

No one has addressed how the conflicts-of-law issue implicates this court's obligation to (1) comply with a valid warrant issued in the Fifth Circuit and (2) transfer the defendant to that

---

[13] Suppl. to Oral Mot. – ECF No. 3 at 3.

[14] Notice – ECF No. 1 at 1; Min. Entry – ECF No. 7.

[15] Mot., No. 14-cr-00194-AM – ECF No. 74.

[16] Order – ECF No. 6.

jurisdiction. Fed. R. Crim. P. 32.1(a)(5). The warrant is valid under Fifth Circuit law. The Western District of Texas is the only court with jurisdiction to revoke supervision. The district court there has already ordered the defendant arrested and detained.[17] This court's role is confined to Rule 32.1(a)(5): conduct a preliminary hearing and, assuming that there is probable cause of a violation, transfer the defendant to the Western District of Texas.

An issue is 18 U.S.C. § 3606: "If there is probable cause to believe that a probationer or a person on supervised release has violated a condition of his probation or release, he may be arrested, and upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. A probation officer may make such an arrest wherever the probationer or releasee is found, and may make the arrest without a warrant." A probation officer can arrest a supervisee under § 3606 without a warrant, which makes sense. That person of course would be on supervision. The rule is akin to the rule that allows a law-enforcement officer to arrest someone for a felony and thereafter seek a complaint. Fed. R. Crim. P. 5(b). Section 3606 does not apply here.

Citing *United States v. Meneely*, the government nonetheless contends that if supervision has not expired, then § 3606 allows the court to transfer the defendant without a warrant.[18] The defendant counters that supervision has expired and, alternatively, the statute authorizes only an arrest (not detention) and requires the court to have jurisdiction.[19] As discussed below, fugitive tolling extends the term of supervision. *Meneely* stands only for the proposition that a court can revoke supervision when supervised release has not expired. No. 03CR1770-J, 2007 WL 1299868, at *5 (S.D. Cal. Apr. 30, 2007) (court "still would have jurisdiction to revoke Defendant's supervised release if tolling prevented her supervised release term from expiring"). It is not an end-run around the need for a valid warrant. In any event, there is a valid warrant in the Fifth Circuit.

An issue is whether fugitive tolling applies. This matters only if the current warrant is invalid and the Western District of Texas files a warrant on sworn facts to cure any issue. The parties

---

[17] Pet. – ECF No. 1 at 3; Order – ECF No. 6.
[18] Opp'n – ECF No. 4 at 7.
[19] Reply – ECF No. 5 at 6.

dispute whether an amended warrant would be timely or effective. The government contends that it would be timely because the time is tolled from February 24, 2024 — the earliest date that the defendant was conclusively in the United States based on his arrest by the SFPD — to February 11, 2025, the date he was arrested on the federal warrant.[20] The defendant counters that equitable exceptions (such as tolling) do not apply to jurisdictional requirements (such as § 3583(i)'s warrant requirement). He also asserts that he was not required to report to federal probation and thus could not have absconded from supervision. And he contends that any warrant issued now would be untimely: he was on active supervision in state court, the probation officer knew that by June 20, 2024, and the tolling period at best runs from February 24, 2024, to June 20, 2024.[21] The government has the better argument: if there were a new warrant, then it would be timely.

Supervised release is tolled while a defendant is a fugitive. *United States v. Murguia-Oliveros*, 421 F.3d 951, 954–55 (9th Cir. 2005). *Murguia-Oliveros* is binding precedent, and the defendant's equitable-exception argument thus fails. It does not matter that supervised release was unsupervised: what matters is that the defendant violated the terms of his supervision by committing crimes and entering the country unlawfully. The defendant's proposed rule would allow someone to evade the consequences of a violation whenever supervision does not require reporting. Moreover, non-reporting is the norm when someone is deported because reporting would be impracticable.

The issue then is the period of time tolled. It is tolled from when the defendant absconds to when he is arrested. *United States v. Delamora*, 451 F.3d 977, 978 (9th Cir. 2006) ("a defendant's term of supervised release is tolled from the time that he absconds from supervision until the time he is found by federal authorities"); *United States v. Garcia-Ocampo*, 527 F. App'x 600, 601–02 (9th Cir. 2013) (for a homeless defendant who was not easily located, time was tolled until he was arrested). Here, the period is from February 24, 2024, to February 11, 2025. The defendant's approach imposes a burden that is not realistic: probation officers need not drop everything to find a person on supervision. The U.S. Marshal does not need to either. The rule requires reasonable

---

[20] *Id.* at 5.

[21] Suppl. to Oral Mot. – ECF No. 3 at 7–8; Reply – ECF No. 5 at 4–6.

efforts. *Id.* at 602 (warrant in the system for two-and-a-half years). The efforts were reasonable here. Any superseding warrant would be timely.

A final issue is the defendant's argument that no statute authorizes the defendant's detention. Citing *United States v. Mercado*, the defendant contends that (1) a defendant can be detained only with statutory authorization, *see* 18 U.S.C. § 4001(a)(1), (2) no statute authorizes detention for a charge of a supervised-release violation, (3) the only possible statute — 18 U.S.C. § 3143(a)(1) — does not allow detention before revocation, and (4) Rule 32.1's cross-referencing § 3143(a)(1) as the operative standard for release or detention does not change the fact that there is no statutory basis for detention until a court has revoked a defendant's supervision.[22] No. 3:13-cr-181 (SRU), 2025 U.S. Dist. LEXIS 12741, at *8, 14, 17 (D. Conn. Jan. 24, 2025). The Ninth Circuit has held that the applicable standards for bail pending a revocation hearing are set forth in 18 U.S.C. § 3143. *United States v. Loya*, 23 F.3d 1529, 1531 (9th Cir. 1994). This seemingly is binding precedent.

Because it is better practice to decide issues on full briefing, the court orders supplemental briefing on the schedule set forth in the Conclusion on two issues: the conflicts of law and *Mercado*.

## CONCLUSION

The defendant's brief is due by 11:30 a.m., the government may respond by 2 p.m., and the defendant may reply by 3:30 p.m. Chambers copies must be emailed to lbpo@cand.uscourts.gov.

The government could moot most issues by filing a declaration with the facts supporting probable cause and obtaining a warrant in the charging district. This happens when the United States seeks a warrant or a summons for an information. Fed. R. Crim. P. 9(a). The declaration is in any event necessary for any preliminary hearing under Rule 32.1.

**IT IS SO ORDERED.**

Dated: February 17, 2025

LAUREL BEELER
United States Magistrate Judge

---

[22] Reply – ECF No. 55 at 6 n.4; Mot., No. 3:22-cv-00154-VC – ECF No. 81 (a fuller argument).